THE STATE, HARRISON ROBBINS, PROSECUTOR, v. JOHN HORNER, TREASURER AND COLLECTOR OF THE BOROUGH OF MERCHANTSVILLE.

1. To entitle a person assessed to a reduction, he must deliver the statement required by section twenty of the act of 1866 to the assessor personally, or at his office, or at his dwelling, with a proper person.
2. Nothing but unavoidable inability to effect such delivery will afford an excuse, and empower the commissioners of appeal to entertain the application for a deduction.

On *certiorari* in matter of taxation.

Argued at June Term, 1875, before Justices WOODHULL and REED.

For the prosecutor, *P. L. Voorhees.*

For the defendant, *S. H. Grey.*

State, Robbins, pros., v. Treasurer and Collector of Merchantsville.

The opinion of the court was delivered by

REED, J.   Harrison Robbins did business in Philadelphia, but resided and was assessed in Merchantsville, Camden county, in the year 1874.

He owed $16,000 to parties residing in New Jersey.

He failed to make, sign and deliver to the assessor the statement required by the twentieth section in the act of 1866.

He applied to the commissioners of appeal for a reduction of said debts, upon the ground that the assessor never called upon him for a statement.

The evidence shows that the prosecutor was ignorant of the time of making the assessment; and that he expected the assessor to call upon him ; and that the assessor never did so.

Nothing appears to invalidate the assessment itself.

The personal examination of the prosecutor, by the assessor, was not essential to the legality of the assessment.

He had a right to employ a variety of ways to inform himself of the value of the taxable property.   *The State, Keeler, pros.*, v. *Tindall, Collector,* 7 *Vroom* 97.

That he employed none of these means, is not shown.

It is, nevertheless, insisted, that the failure of the assessor to call upon the prosecutor, afforded a reason for relief from the commissioners of appeal.

This can only be tenable upon the ground that this comes within the meaning of unavoidable accident.

Such an idea cannot be entertained.

The privilege of a reduction depended upon the act of the prosecutor.   It was dependent upon the delivery of the statement.   *State, Perkins, pros.*, v. *Bishop, Collector,* 5 *Vroom* 45.

The burden was upon him to effect that delivery to the assessor, or by leaving it at his office, or at his residence, with a proper person.

Nothing but an unavoidable inability to accomplish such delivery would afford an excuse, and empower the commissioners of appeal to entertain the application for a reduction.

The assessment should be affirmed, with costs.